IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

## TUT M. TUT v. KEVIN GENOVESE, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 21-CR-10793    R. Lee Moore, Jr., Judge**
_____

### No. W2021-01290-CCA-R3-HC
_____

The pro se Petitioner, Tut Mayal Tut, appeals the summary dismissal of his petition for writ of habeas corpus. Discerning no error, we affirm the judgment of the habeas corpus court but remand the case for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and TIMOTHY L. EASTER, JJ., joined.

Tut Mayal Tut, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner pleaded guilty to two counts of especially aggravated kidnapping, two counts of especially aggravated robbery, and four counts of aggravated rape. Tut Mayal Tut v. State, No. M2016-01673-CCA-R3-PC, 2017 WL 3475532, at *1 (Tenn. Crim. App. Aug. 14, 2017), perm. app. denied (Tenn. Dec. 6, 2017). The Petitioner was fifteen years old at the time of the crimes, and a delinquency petition was filed in the Davidson County Juvenile Court charging the Petitioner with the aforementioned crimes. Id. The juvenile court transferred the case to the Davidson County Criminal Court, where the Petitioner pled guilty as charged and received a total effective sentence of 30 years at 100% in the Department of Correction and lifetime supervision as a sex offender. Id. The

Petitioner apparently did not file a direct appeal, and this court affirmed the denial of his post-conviction petition. Id.

On September 29, 2021, the Petitioner filed a pro se petition for writ of habeas corpus, asserting that the judgments for his four aggravated rape convictions were "illegal, null[,] and void upon their face because they do [not] reflect that the sentence was imposed pursuant to Tennessee Code Annotated (T.C.A.) § 39-13-523(3)(B); the 'Multiple Rapist 100% statute.'" The habeas corpus court summarily dismissed the petition by written order on October 4, 2021, finding that the Petitioner did not "state a cognizable claim for habeas corpus relief" because even "if the allegations of the [P]etitioner [we]re true, the sentence would only be voidable and not void." However, the habeas corpus court noted that the aggravated rape judgments were marked as "Violent Offender at one hundred percent" instead of "Multiple Rapist at one hundred percent" and "transferred [the case] back to the Criminal Court for Davidson County to correct any defect or problem that might occur as a result of the notations on the judgment forms."

## ANALYSIS

On appeal, the Petitioner asserts that the habeas corpus court erred in summarily dismissing his petition, again arguing that his aggravated rape sentences were illegal because they were designated as "Violent Offender 100%" instead of "Multiple Rapist 100%" and therefore allowed a release eligibility at 85% service, whereas the multiple rapist designation does not allow for any early release under Tennessee Code Annotated sections 39-13-523(3)(b) and 40-35-501. He further contends that the habeas corpus court lacked the authority to remand the case to Davidson County to correct the aggravated rape judgments. The State responds that the Petitioner's claims are not cognizable under habeas corpus relief because the complained-of sentences were part of a plea bargain that included a release eligibility. The State further responds that regardless of the habeas corpus court's ability to remand judgments to correct clerical errors, this court has the authority to do so.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the

proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Initially, we take judicial notice of the Petitioner's archived post-conviction record pursuant to an order filed by this court on November 19, 2021. See Order, Tut M. Tut v. Kevin Genovese, Warden, No. W2021-01290-CCA-R3-HC (Tenn. Crim. App. Nov. 29, 2021).

We conclude that the Petitioner has failed to state a colorable claim for relief. We agree with the Petitioner that his aggravated rape judgments should have been marked as "Multiple Rapist 100%" instead of "Violent Offender 100%." However, such markings were clearly a clerical error. A review of the transcript from the Petitioner's guilty plea hearing and the petition to enter plea of guilty reveals that the agreement was for the Petitioner to serve all of his convictions at 100% release eligibility. There was no mention of the Petitioner serving his aggravated rape sentences at 85%, regardless of whether the "Violent Offender 100%" box on the judgment forms was mistakenly marked. We note that the State is wholly incorrect in its assertion that the Petitioner's claim "falls squarely within Tenn. Code Ann. § 29-21-101(b)" because "the [P]etitioner pled guilty to those offenses in exchange for plea-bargained sentences." We reiterate that nothing in the record on appeal or the Petitioner's archived post-conviction records indicates that any part of his

guilty plea was meant to include a release eligibility 85%. Instead, every mention of a release eligibility is stated as "at 100%."

The Petitioner cites Cantrell v. Easterling, 346 S.W.3d 445 (Tenn. 2011), as applicable to his habeas corpus petition, and we agree with its applicability but draw differing conclusions. In Cantrell, our supreme court overturned this court's conclusion that the incorrectly-marked judgments were due to clerical errors and remanded that petitioner's aggravated rape convictions for amended judgments because the judgments were marked as "Multiple 35% Range 2[,]" and there was "no evidence demonstrating that the judgment orders conflict with the sentences actually imposed by the trial court[.]" Cantrell, 346 S.W.3d at 457. Our supreme court also cited Braden v. Bell, No. M2004-01381-CCA-R3-HC, 2005 WL 2008200, at *6 (Tenn. Crim. App. Aug. 19, 2005), for the proposition that "a sentencing error on the judgment document may be deemed 'clerical' only where 'shown by the transcript of the sentencing hearing, minute book entries, of other records in the convicting case[.]" Cantrell, 346 S.W.3d at 457. In the instant case, the Petitioner's "Petition to Enter Plea of Guilty" states that his plea agreement with the State consisted of "ct. 1&2 esp. agg. kidnapping 15 yrs each ct. consec. @ 100%[;] ct. 3&4 esp. agg. robbery, 15 yrs each ct. consec. @ 100%[;] ct. 5-8 agg. rape, 15 yrs ct's 5&6 concurrent & consec. To ct's 7&8 concurrent[;] total sentence 30 yrs @ 100%[;] lifetime supervision.[.]" At the Petitioner's plea hearing, the trial court stated to the Petitioner that "Counts 5, 6, 7, and 8 are all going to be aggravated rape charges. That's fifteen years. And they're also going to be at a hundred percent." The trial court reiterated that the Petitioner's sentence would be "thirty years at a hundred percent[,]" which the Petitioner indicated he understood. In the transcript from the Petitioner's post-conviction hearing, he stated that it was "correct" that he "entered a plea and received a sentence of thirty years at one[-]hundred percent to serve[.]" Further, in this court's post-conviction opinion, we stated that the Petitioner received a "sentence of 30 years to be served at 100% . . . ." Tut Mayal Tut, 2017 WL 3475532, at *1. Because nothing in the record indicates that the Petitioner's plea agreement was meant to entitle him to any early release eligibility, we conclude that the designation of "Violent Offender 100%" instead of "Multiple Rapist 100%" was merely a clerical error, and the Petitioner has therefore failed to state a claim that is cognizable under habeas corpus relief.

Further, regardless of whether the habeas corpus court possessed the ability to remand the aggravated rape convictions for entry of corrected judgments to the trial court, there is authority giving this court the ability to do so. See, e.g., Christopher Alan Walls v. Grady Perry, Warden, 2018 WL 467928, at *5 (Tenn. Crim. App. Jan. 17, 2018) (citing Jeffrey S. Whitaker v. Morgan, No. E2007-02884-CCA-R3-HC, 2009 WL 454256, at *3 (Tenn. Crim. App. Feb. 24, 2009), perm. app. denied (Tenn. Aug. 7, 2009)) (remanding habeas corpus case to trial court for transfer to convicting court for entry of corrected judgments). Accordingly, we remand the instant case to the habeas corpus court with

instructions to transfer the case back to Davidson County Criminal Court for entry of corrected judgments, reflecting that the aggravated rape convictions, Counts 5, 6, 7, 8, are to be marked as "Multiple Rapist 100%" instead of "Violent Offender 100%."

## **CONCLUSION**

Based upon the foregoing reasoning and authorities, the judgment of the habeas corpus court is affirmed. However, we remand to the habeas corpus court for remand to the convicting court for entry of corrected judgments in Counts 5, 6, 7, 8, to reflect a designation of "Multiple Rapist 100%."

_____
CAMILLE R. MCMULLEN, JUDGE